489



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Donald Allums
County Auditor
Hardin County
Kountze, Texas

Dear Sir:

Opinion No. O-5100
Re: Fees of county clerk for tak-
ing acknowledgments must be
reported as fees of office and
related matters.

Your request for opinion upon the following stated questions:

"1. A county clerk is called on to go out in the country to take acknowledgments after office hours, and probably until after night, and he takes the acknowledgments as county clerk of the county of his residence. Please advise whether such fees collected for this work be reported as fees of office, and if same is reported as fees of office, should he report the expense attached thereto as office expense?

"2. A County clerk is called on at his residence many times during each week after office hours, and during any hour, some times he is up practically all night during these war times, and among other things, he issues many marriage licenses at night and at any hour from dark to day. He, as a matter of comfort and necessity uses fuel and lights at his own expense. By means of this extra work, and his individual expense, he collects excess fees, and is required under the law to pay same into the county treasury as excess fees. Please advise whether he should report such fees as fees of office, and if he does report same as fees of office, should he deduct a portion of the excess fees as operating expense of his office?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

has been received and carefully considered by this department.

Hardin County, Texas, has a population of less than 20,000 inhabitants according to the 1940 Federal census, and its county officials are compensated on a fee basis.

Article 6602, Vernon's Annotated Texas Civil Statutes, provides in part as follows:

"The acknowledgment or proof of an instrument of writing for record may be made within this State before:

". . . .

"2. A judge or clerk of the county court."

Under the case of Nueces County v. Currington, 162 S. W. (2) 687, Texas Commission of Appeals, Section B, it is clear that fees collected by the county clerk for taking acknowledgments in his official capacity as county clerk are fees of office and must be reported by the clerk as such.

Article 3930, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"Clerks of the county court shall receive the following fees:

". . . .

"Issuing and recording marriage license...$1.00"

Article 3899(a), Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"(a) At the close of each month of his tenure of office, each officer named herein who is compensated on a fee basis shall make, as part of the report now required by law, an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his office such as stationery, stamps, telephone, premiums on officials' bonds including the cost of surety bonds

for his deputies, premium on fire, burglary, theft,
robbery insurance protecting public funds, travel-
ing expenses, and other necessary expenses; pro-
vided, that in addition to the officers named herein,
the county treasurer, county auditor, county road
commissioners, county school superintendent, and
the hide and animal inspector shall likewise make
a report on the premiums on officials' bonds, in-
cluding the cost of surety bonds for any deputies,
and said premiums shall be subject to payment out
of the fees of said office, as herein otherwise
provided for the officers named; and provided fur-
ther that if any of the officers so designated are
on a salary rather than a fee basis, then all such
bond premiums for officers and their deputies shall
be paid from the General Fund of the county. . . ."

Construing Article 3899(a), V. A. C. S., as amended
in 1933, in the case of State v. Carnes, Texas Civil Appeals,
106 S. W. (2) 397, the court held that expenses which a county
official can claim as deductions, other than those in connec-
tion with automobiles, are limited to stationery, stamps,
telephone, traveling expenses, and other similar necessary
expenses, the rule of construction ejusdem generis being ap-
plied to qualify the general language by the specially enumer-
ated items and to restrict its meaning to expenses of the
same kind and character. Since the rendition of the Carnes
case the statute has been amended to allow certain bond pre-
mium expenses.

Articles 3883 and 3891, Vernon's Annotated Texas
Civil Statutes, read in part as follows:

"Art. 3883. 3881 to 3883 Maximum fees

"Except as otherwise provided in this Act,
the annual fees that may be retained by precinct,
county and district officers mentioned in this
Article shall be as follows:

"1. In counties containing twenty five (25,000)
thousand or less inhabitants: County Judge, Dis-
trict or Criminal District Attorney, Sheriff, County
Clerk, County Attorney, District Clerk, Tax Collector,
Tax Assessor, or the Assessor and Collector of Taxes,
Twenty-four Hundred ($2400.00) Dollars each; . . ."

"Art. 3891. 3889 Disposition of fees

"Each officer named in this Chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover costs of premium on whatever surety bond may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided.

"In counties containing twenty-five thousand (25,000) or less inhabitants, District and County officers named herein shall retain one-third of such excess fees until such one-third, together with the amounts specified in Article 3883, amounts to Three Thousand Dollars ($3,000). . . ."

Article 3897, Vernon's Annotated Texas Civil Statutes, reads as follows:

"Each district, county and precinct officer, at the close of each fiscal year (December 31st) shall make to the district court of the county in which he resides a sworn statement in triplicate (on forms designed and approved by the State Auditor) a copy of which statement shall be forwarded to the State Auditor by the clerk of the district court of said county within thirty (30) days after the same has been filed in his office, and one copy to be filed with the county auditor, if any; otherwise said copy shall be filed with the Commissioners' Court. Said report shall show the amount of all fees, commissions and compensations whatever earned by said officer during the fiscal year; and secondly, shall show the amount of fees, commissions and compensations collected by him during the fiscal year; thirdly, said report shall contain an itemized statement of all fees, commissions and compensations earned during the fiscal year which were

not collected, together with the name of the party owing said fees, commissions and compensations. Said report shall be filed not later than February 1st following the close of the fiscal year and for each day after said date that said report remains not filed, said officer shall be liable to a penalty of Twenty Five ($25.00) Dollars, which may be recovered by the county in a suit brought for such purposes, and in addition said officer shall be subject to removal from office. (As amended Acts 1930, 41st Leg., 4th C. S., p. 30, ch. 29, § 5; Acts 1935, 44th Leg., 2nd C. S., p. 1762, ch. 465, § 9.)"

In answer to your first question it is our opinion that fees collected by the county clerk for taking acknowledgments in his official capacity as county clerk are fees of office and must be reported and accounted for as such by the county clerk. The clerk is furnished an office by the county at the courthouse to transact his official business and he is not required to travel around the county taking acknowledgments; such traveling we think is neither necessary nor reasonable and therefore no expense deductions should be allowed for same.

In answer to your second question it is our opinion that the county clerk must report as fees of office and account for all fees for issuing and recording marriage licenses as fees of office. The clerk is not required to transact any official business at his home and if he does so it is solely for his own convenience. We assume from your letter that the fuel and light bills paid by the clerk are for fuel and lights used at his private residence as the commissioners' court of your county no doubt makes arrangements for heat and lights at the courthouse. It is our opinion that the clerk cannot lawfully claim such fuel and light bills as a legal expense of office.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED FEB 27, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

WJF:mp

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN